UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JON C. JAMES,<br><br>          Plaintiff,<br><br>   vs.<br><br>COMMUNITY COLLEGES OF SPOKANE, et al,<br>          Defendants. | NO. CV-07-381-JLQ<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment heard on January 24, 2008 without oral argument. Plaintiff is proceeding **pro se.** Jarold P. Cartwright represents Defendants. Having reviewed the record, and being fully advised in this matter, **It Is Hereby Ordered** that Defendants' Motion for Summary Judgment is **Granted** for the following reasons.

## FACTUAL BACKGROUND

This case began with administrative proceedings that led to the expulsion of Mr. James from Spokane Community College for alleged misconduct. Mr. James appealed this decision first to the Spokane Community College President, who upheld the suspension.    He then appealed to Spokane County Superior Court, which also upheld the suspension finding no grounds for setting aside the suspension and affirming the College President. In that appeal, Mr. James made the same claims therein as he makes in this court, that being that the witnesses committed perjury and that the fact-finders committed constitutional errors in accepting that testimony and expelling him from the Community College. The claims Mr. James makes in this federal action are inextricably intertwined with the claims he made in his Spokane County Superior Court appeal.

Mr. James filed an untimely appeal to the Washington Court of Appeals and failed to pay the filing fee. That court dismissed the appeal as being untimely. Mr. James then sought review by the Washington Supreme Court, which found that he had not shown such an error or departure by the Court of Appeals from judicial norms to justify Supreme Court review.

Mr. James then filed this federal court Complaint claiming that the witnesses, attorneys, and fact finders in the expulsion administrative proceedings and Superior Court were not credible and violated his constitutional rights by knowingly providing false and misleading facts in those proceedings. He includes those persons as Defendants herein. Those same claims had previously been rejected by the administrative agency and the Spokane County Superior Court.

## DISCUSSION

When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or otherwise. . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate, shall be entered against him. F. Rule Civ. P. 56(e).

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial or where the Defendants establish that the Plaintiff is precluded from pursuing the action as a matter of law. In such a situation, there can be no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial or the action is precluded as a matter of law. *Celotex v. Catrett,* 477 U.S. 317, 322-23 (1986).

Mr. James's claims in this court are simply an effort to re-litigate the issues he has already litigated and lost in state court proceedings. The doctrine of *res judicata*

collaterally estops a litigant from attempting to relitigate issues in federal court that he was unsuccessful on in state court. This doctrine also precludes such a litigant from attempting to relitigate related issues arising from the same set of facts that he could have brought in the state court proceeding. The application of the doctrine of *res judicata* arising from a state court proceeding is clearly set forth in *Chao v. A-One Medical Services, Inc.,* 346 F. 3d 908, 920 (9th Cir. 2003). The *Chao* court stated at p. 920, citing from *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984):

> Res judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action' (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.

The claims by Mr. James in this action arise from the identical issues which were determined adversely to him in the underlying state court action. The fact that he now seeks to join the fact-finder agents of the Community College as Defendants in this action cannot avoid the preclusive determinations of the state administrative and court bodies that his expulsion from the College was proper.

Mr. James directly and indirectly attacks the determinations and fact-finding by the Community College and its agents (who he includes as Defendants in this federal action)and the action of the state courts in upholding those determinations. Both state and federal courts have applied collateral estoppel where an issue has been litigated earlier by an administrative agency, as was the case here. Collateral estoppel also applies to Mr. James' attempt to attack these state court proceedings and judgments against him in this action. See Univ. of Tenn. v. Elliot, 478 U.S. 788 (1986); *Miller v. County of Santa Cruz,* 39 F.3d 1030 (9th Cir. 1994); *Reninger v. State Dept. Of Corrections,* 134 Wn. 2d 504, 951 P.2d 82 *(*1998 *)*. *See also Claim and Issue Preclusion,* 60 Wash. L Rev. at 830. The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires federal courts to give a state court judgment the same effect as the states courts would.

To allow a disappointed state court litigant, such as Mr. James, to collaterally attack an underlying state court judgment by claiming that the witnesses and attorneys committed perjury, or that the state court judgment was erroneous, would open up similar

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT–3

claims to all losing state court litigants to attempt to override the judgment of the state court through the institution of a federal court action alleging errors or perjury in the underlying action. Such attacks are not allowed under the federal court statutes and laws.

The United States Supreme Court has also applied issue preclusion to enforce repose where an administrative agency has acted in a judicial capacity and resolved disputed issues of fact.

> Such repose is justified on the sound and obvious principal of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter impose unjustifiably upon those who have already shouldered their burdens and drain the resources of an adjudicatory system with disputes resisting resolution.

*Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107-08 (1991). This same philosophy applies to Mr. James' attempt to relitigate the expulsion issues on alleged grounds that were inextricably intertwined in the underlying state administrative and court proceedings.

In this case, the Community Colleges of Spokane determined that Mr. James's misconduct warranted suspension. The Spokane Superior Court affirmed that decision. He attempted to pursue an untimely state appeal all the way to the Washington Supreme Court, which denied review. In addition to Mr. James being collaterally estopped to pursue this action by reason of the adverse state court finding, this court has no jurisdiction over this case because it is a forbidden de facto appeal of the state court system adverse rulings under the so-called Rooker-Feldman doctrine. *Rooker v. Fidelity Trust*, 263 U. S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); see also *Worldwide Church of God v. McNair*, 805 F. 2d 888 (9th Cir. 1986) (preclusion of constitutional claims in federal court which were "inextricably intertwined" with the underlying state court claims); *Bianchi v. Rylaarsdam*, 334 F. 3d 895, 898 (9th Cir.2003); *Partington v. Gedan*, 961 F. 2d 852 (9th Cir. 1992). Accordingly the Complaint and the claims therein must be dismissed with prejudice .

**IT IS SO ORDERED.** The Clerk is further directed to enter this Order, enter judgment dismissing the Complaint and the claims therein with prejudice, forward copies to Plaintiff and to counsel for the Defendants, and close this file.

**DATED** this 29th day of January, 2008.

 s/ Justin L. Quackenbush 
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE